IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH J. WASHINGTON,<br><br>    Petitioner,<br><br>  vs.<br><br>P.D. BRAZELTON,<br><br>    Respondent. | No. C 13-0112 WHA (PR)<br><br>**ORDER STAYING AND ADMINISTRATIVELY CLOSING CASE; DENYING APPOINTMENT OF COUNSEL**<br><br>(Docket No. 8, 9) |

Petitioner, a prisoner of the State of California, filed a habeas corpus petition pursuant to 28 U.S.C. 2254 challenging the constitutionality of his state conviction. The petition sets forth eight claims. Petitioner filed a motion to stay this case while he exhausts additional claims in the state courts. The motion was denied because he did not identify the claims he wishes to exhaust, show that they are potentially meritorious, or show cause for his failure to exhaust the claims before he filed the instant federal petition. *See Rhines v. Webber* 544 U.S. 269, 278-79 (2005). He was granted an opportunity to make such a showing in a renewed motion for a stay. He has renewed his motion and filed a motion for appointment of counsel. Petitioner has shown cause for failing to exhaust his claims sooner, namely the failure by his trial counsel (Bonnie Narby) and appellate counsel (Randi Covin) to provide him with the trial and appellate records, and the complexity of his trial. He has also identified his new claims arguing that he received ineffective assistance of trial and appellate counsel. These claims are potentially meritorious insofar as they state cognizable grounds for federal habeas relief when liberally construed. Accordingly, the motion to stay the petition is **GRANTED** (dkt. 9).

This case is **STAYED** to allow petitioner to present his unexhausted issues in state court, presumably by way of state petitions for habeas corpus. If petitioner is not granted relief in

state court, he may return to this court and ask that the stay be lifted. The stay is subject to the following conditions:

(1) he must pursue his claims in the California Supreme Court within the time allowed under state law or thirty days of the date this order is filed;

(2) petitioner must file a motion to lift the stay and an amended petition setting forth all of the claims he wishes to pursue, including any claims from the original petition and any newly exhausted claims within thirty days after the state courts have completed their review of his claims or after they have refused review of his claims. All of the claims in the amended petition must be exhausted.

If either condition of the stay is not satisfied, this court may vacate the stay, strike any amended petition and act on only the exhausted federal claims in the original petition. *See Rhines*, 544 U.S. at 278 (district court must effectuate timeliness concerns of AEDPA by placing "reasonable limits on a petitioner's trip to state court and back.").

The motion for appointment of counsel (dkt. 8) is **DENIED**. Petitioner has thus far adequately presented his claims.

The clerk shall administratively close this case. The closure has no legal effect; it is purely a statistical matter. The case will be reopened and the stay vacated when petitioner files a motion in accordance with section (2) above.

**IT IS SO ORDERED.**

Dated: April   12  , 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.13\WASHINGTON0112.STYGRANT.wpd

2